John Bragonje, Bar No. 9519
JBragonje@lrrc.com
Nancy R. Snow, Bar No. 14623
NSnow@lrrc.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169
Tel:    702.949.8200
Fax:    702.949.8398

*Attorneys for Plaintiff, Jia Jia USA LLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Jia Jia USA LLC, a Nevada limited liability company, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| GBS Business Corp., a Nevada corporation; POA Commercial, LLC, a Nevada limited liability company; Dionisio Lee Yang a/k/a Dionisio Johnny Yang, an individual; Jeannie Shiang-Mei Wey, an individual; Johnny Lee, an individual; Does 1 to 10, inclusive, | |
| Defendants. | |

Jia Jia USA LLC for its complaint against the defendants named herein, alleges as follows:

## Jurisdiction

1.      This action is one in which this Court has original jurisdiction in that it is a civil action in which there is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2).

2.      Plaintiff Jia Jia USA LLC is a limited liability company organized under the laws of the State of Nevada and is qualified to do business in Nevada.  A limited liability company has no independent citizenship status and instead holds the citizenship of each of its members for purposes of diversity jurisdiction.  *E.g., Johnson v. Col. Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

110027032.1

3.  Jia Jia USA has two members, each of whom is a natural person.  As to natural persons, the locus of state citizenship for the purpose of diversity jurisdiction is where the individual is domiciled.  *E.g., Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Each of Jia Jia USA's members is a citizen or a subject of a foreign state: (1) Michael Fu, the principal representative is, and was at all times mentioned herein, domiciled in and a citizen of the United Kingdom; the second member, Tan Jia, is a citizen of and domiciled in the People's Republic of China.

4.  For purposes of diversity jurisdiction, therefore, Jia Jia USA is a citizen of the United Kingdom and the People's Republic of China.

5.  Upon information and belief, Defendant GBS Business Corp. is a resident of the State of Nevada because it is organized under Nevada law and has its principal place of business in Nevada; upon information and belief, its principal place of business is located at 5808 Spring Mountain Road, Suite 101B, Las Vegas, Nevada, 89146.

6.  Upon information and belief, Defendant GBS Business Corp. is a resident of the State of Nevada because it is organized under Nevada law and has its principal place of business in Nevada; upon information and belief, its principal place of business is located at 656 Ravel Court, Las Vegas, Nevada, 89145.

7.  Upon information and belief, Defendant Dionisio Lee Yang a/k/a Dionisio Johnny Yang is, and was at all times mentioned herein, domiciled in and a citizen of the State of Nevada; he lives in Clark County.

8.  Upon information and belief, Defendant Jeannie Shiang-Mei Wey is, and was at all times mentioned herein, domiciled in and a citizen of the State of Nevada; she lives in Clark County and is married to Mr. Yang.

9.  Upon information and belief, Defendant Johnny Lee is, and was at all times mentioned herein, domiciled in and a citizen of the State of Nevada; he lives in Clark County and he is the son of Mr. Yang.

10.  For purposes of diversity jurisdiction, therefore, the defendants are citizens of Nevada.

110027032.1

11.     Section 1332(a)(2) "provides district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of a state and citizens or subjects of a foreign state." *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 91 (2002) (internal quotation marks and ellipses omitted).  Therefore, the parties are citizens of different states for purposes of diversity.  This action is of a civil nature involving, exclusive of interest and costs, a sum in excess of $75,000.00.  Every issue of law and fact in this action is wholly between a plaintiff who is a citizen or subject of a foreign state that is different from the state of which each defendant is a citizen.

12.     As described more fully below, the Defendants have perpetrated civil theft in the amount of no less than $1 million.  The price of the stolen real property itself is at least $796,000.

13.     This Court has general jurisdiction over the defendants because they are either organized under Nevada's corporate laws (GBS Business and POA Commercial) or are natural persons resident in Nevada (the individual defendants).

14.     This Court also has specific personal jurisdiction over the Defendants because they purposefully availed themselves of the laws and protections of this forum by conducting business here, including, but not limited to, by entering into contracts to be performed in Nevada that required Defendants to purchase properties here for the use and benefit of Plaintiff; by entering into contracts that required Defendants to collect, account for, and distribute funds from Nevada for the benefit of Plaintiff; by stealing property belonging to Plaintiff and located in Nevada; by abusing their positions as officers and directors of a Nevada corporation, JJM Investment Inc, all as more fully described hereinafter.

15.     Under these circumstances, the exercise of jurisdiction over Defendants would be reasonable.

16.     Plaintiff alleges that the entities named herein as Does 1 through 10 are individuals, corporations, limited liability companies, partnerships, associations, or other persons or entities who are responsible in some manner or capacity for the acts alleged herein, but whose names are unknown to Plaintiff at this time.  Plaintiff will seek leave to amend this complaint to

110027032.1

- 3 -

1  include the true names of Does 1 through 10 when the identities of such defendants become

2  known.

3        17.     At all times mentioned in this complaint, each of the Defendants was the agent and

4  employee of the other Defendants, and in doing the things alleged in this complaint, Defendants

5  were acting within the course and scope of their agency and employment

6  <u>**Venue**</u>

7        18.     Venue is properly found in the District of Nevada in that the incident complained

8  of or a substantial part thereof occurred in Nevada.  Venue lies in the unofficial Southern Division

9  of this Court.

10  <u>**What this Case Is About**</u>

11        19.     Defendants have used their positions of trust as real estate brokers and property

12  managers to steal millions of dollars from Plaintiff.  Defendants have stolen three of Plaintiff's

13  homes by taking purchase money but vesting title in Defendants' name, not Plaintiff's.  Plaintiffs

14  have also embezzled hundreds of thousands of dollars in rent money in their capacities as

15  property managers.

16  <u>**Allegations Common to All Causes of Action**</u>

17  ***Defendants Stole Real Property from Jia Jia USA***

18        20.     Jia Jia USA is in the business of real estate investment; it purchases residential real

19  estate in Nevada and holds it for rent and eventual resale.  None of the Jia Jia USA owners or

20  principals live or do business in either the United State generally or Nevada specifically.

21        21.     Jia Jia USA acted at all relevant times through its principal and managing member,

22  Mr. Michael Jer Teng Fu.  Mr. Fu is 71 years old.

23        22.     Mr. Fu considered the principals of Defendants POA Commercial and GBS

24  Business—the individuals named in this lawsuit—his close personal friends with whom he had

25  done business for over a decade.  Mr. Fu trusted the Defendants implicitly.

26        23.     Jia Jia USA entered into an agreement with the Defendants by which the

27  Defendants promised (a) to locate properties for purchase; (b) to enter into purchase contracts on

28  behalf of Jia Jia USA; (c) to ensure that Jia Jia USA was the owner of record; and (d) to manage

110027032.1

- 4 -

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

Lewis Roca
ROTHGERBER CHRISTIE

the properties as rentals and remit the rents to Jia Jia USA.  Jia Jia USA, on the other hand, promised to provide all the funds necessary to purchase the properties.

24. The Defendants abused their trust through blatant acts of dishonesty and theft.

25. Between 2015 and 2018, the Defendants agreed to purchase 15 residential properties for Jia Jia USA.  The properties are identified in Exhibit 1 to this complaint.

26. In the case of each purchase, Mr. Fu traveled to the United States from abroad, personally inspected the property, and gave his approval to each transaction.

27. During 2017, the Defendants claimed that they needed a power of attorney to more easily manage the leasing of the properties.

28. The Defendants apparently misused this power of attorney, or employed other methods of chicanery and fraud, to steal three of the 15 properties which Jia Jia USA purchased and paid.

29. First, around September 13, 2017, Jia Jia USA transferred at least $350,000 to Defendants, or one of them, for the purchase of a property commonly known as 6426 Holland Hills, Las Vegas, Nevada, 89113 (Clark County Assessor's parcel number 163-33-811-128). However, the Defendants caused this property to be titled in the name of Defendant GBS Business, not Jia Jia USA.  Under the parties' express agreement, Jia Jia USA was to be the 100% owner of this property.

30. Second, around February 17, 2017, Jia Jia USA, transferred at least $375,400 to Defendants, or one of them, for the purchase of a property commonly known as 6177 Stetson Cove Court, Las Vegas, Nevada 89148 (Clark County Assessor's parcel number 163-32-713-008).  However, the Defendants caused this property to be titled 50% in the name of Defendant GBS Business and only 50% in Jia Jia USA.  Under the parties' express agreement, Jia Jia USA was to be the 100% owner of this property.

31. Third, around December 28, 2017, Jia Jia USA, transferred at least $445,234 to Defendants, or one of them, for the purchase of a property commonly known as 8226 Broad Branch Way, Las Vegas, Nevada 89113 (Clark County Assessor's parcel number 176-16-112-089).  However, the Defendants caused this property to be titled 50% in the name of Defendant

110027032.1

GBS Business and only 50% in Jia Jia USA. Under the parties' express agreement, Jia Jia USA was to be the 100% owner of this property.[1]

32.     At no time did the Defendants advise Jia Jia USA that they Defendants had stolen the funds earmarked for these purchases or caused the three properties to be vested wholly or partially in Defendant GBS Business's name.

33.     Mr. Fu learned the truth when Defendant Johnny Lee accidently disclosed documentation evidencing the theft of one of the stolen properties (6426 Holland Hills) after Mr. Fu inquired about selling the properties to take advantage of the current, favorable market conditions.

34.     When later confronted with their theft, the Defendants expressly admitted their crime. Mr. Fu, Jia Jia USA's principal, and Defendant Lee Yang met in Taipei, Taiwan on December 8, 2019. Among other things, Defendant Lee Yang promised to pay $400,000 to Jia Jia USA to purchase the first stolen property mentioned by no later than December 23, 2019. Similarly, on December 13, 2019, Defendant Jeannie Wey promised that Defendant GBS Business would quit claim its purported 50% interest in the second and third properties mentioned back to Jia Jia USA within two months. The effect of these actions would be to make Jia Jia USA the owner of record for the three properties in question, just as it was for the other 12 properties the Defendants procured for Jia Jia USA.

35.     In fact, at no time have the Defendants claimed any interest in the three stolen properties. Instead, when confronted with their graft, the Defendants, or some of them, claimed that the fact that Defendant GBS Business appears on the vesting deeds is part of an ongoing process to eventually transfer title of the three stolen properties to Jia Jia USA.

36.     There is no lawful or practical reason for the Defendants' acts and omissions; they are simply thieves.

---

[1] Another entity named JTM Nevada, LLC, a limited liability company organized under Nevada law, has contributed money for the purchase of some of 15 properties. Likewise, JTM Nevada is vested with title for two of the 15 properties discussed in this this lawsuit. Prior to at least some of the events described in this complaint, JTM Nevada merged with Jia Jia USA. Because Jia Jia USA has succeeded to the rights of JTM Nevada, for ease of reference, we simply refer to Jia Jia USA as the aggrieved party.

110027032.1

37.     Defendants have admitted their theft in various other ways as well.

38.     Defendants have repeatedly provided written documentation to Jia Jia USA that reflects the true ownership.  Defendants have on many occasions provided lists of the properties purchased by Defendants for Jia Jia USA—and the lists always included the stolen properties that Defendants titled in the name of Defendant GBS Business.

39.     Defendants also confirmed that Jia Jia USA was the owner of all 15 properties by, in their capacity as property managers, remitting rent for each property—including the three stolen properties—to Jia Jia USA at all relevant times.

40.     Similarly, Defendants forged leases in which they designated Jia Jia USA as the "lessors" or owners of the three stolen properties, again as part of Defendants' property management role, as more fully described in the following section.

41.     There would, of course, be no reason to remit rent to Jia Jia USA for the three stolen properties, to include the stolen properties in lists prepared for Jia Jia USA to summarize its holdings, or to describe Jia Jia USA as the owner in forged leases if the Defendants contended they had some legitimate claim.  Instead, the Defendants are shameless fraudsters determined to take advantage of Mr. Fu, an elderly man, and the other foreign nationals who own Jia Jia USA but who do not regularly travel to the United States.  Clearly, the Defendants hoped that language barriers, lack of familiarity with the property recording system, distance, and feigned friendship would prevent Jia Jia USA from ever discovering Defendants' graft.

***Defendants Forged Lease Agreements and Stole Rent Money from Jia Jia USA***

42.     At least two of the individual Defendants, Johnny Lee and Jeannie Wey, have real estate broker licenses from the Nevada Department of Business and Industry, Division of Real Estate Nevada, and one of them, Ms. Wey, holds a permit to engage in property management.

43.     The Defendants, acting primarily through POA Commercial, managed 13 of the 15 purchased properties.  (One is part of a condominium complex and is managed by onsite, professional staff; the final property is not rented out.)

44.     In violation of NRS 645.6056, Defendants failed to provide Jia Jia USA with a written "property management agreement signed by the broker and the client" that included a

termination date, provisions related to tenant security deposits, the fee to be paid the property

manager, and other terms.

45.     Instead, Defendants proposed an oral agreement in which they would earn eight

percent of the rental revenue for their services.

46.     Without the knowledge or consent of Jia Jia USA, Defendants forged three leases

for 11 of the properties (the "Forged Leases").

47.     The Forged Leases each bear an electronically generated signature for Jia Jia USA

that Defendants have represented to tenants to be the genuine signature or authorization of Jia Jia

USA.

48.     The purported signatures of Jia Jia USA on the Forged Leases are a forgery and

are not genuine signatures—moreover they are simply computer-generated stamps of Jia Jia

USA's name.

49.     No Jia Jia USA representative was present at the time that the Forged Leases were

supposedly executed on March 1, 2017, February 1, 2018, and June 30, 2019.

50.     Jia Jia USA gave no person its authorization to affix its signature to the Forged

Leases.  Any person who affixed this signature to the Forged Leases performed an act that was

outside the scope of any real or ostensible authority to act on Jia Jia USA's behalf.

51.     Jia Jia USA did not, by neither contract or verbal affirmation made to any party or

to any person, grant permission to execute the Forged Leases, nor did Jia Jia USA sign the Forged

Leases or any other instrument or contract subjecting itself to any other lease or rental agreement

with the Defendants.

52.     The Forged Leases included unusually favorable terms such as the ability for

Defendants to extend the term of the Forged Leases for as long as sub-lessees occupy the

properties (Section 2) and a right of first refusal if the properties are offered for sale (Section 14).

53.     The Defendants did not even bother to follow the terms of the Forged Leases:

although the Forged Leases required Defendants, specifically GBS Business, to maintain the

properties at Defendants' expense, Defendants nevertheless charged these costs to Jia Jia USA.

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

Lewis Roca
ROTHGERBER CHRISTIE

54.    But most egregious of all, Defendants abused their position of trust to siphon off much more than the agreed eight percent fee.

55.    The Forged Leases set the rent significantly below market rates, though, according to publicly available real estate listing information, Defendants sought or charged full fare to the tenants (the sublessees):

|  | Address | Forged Lease Rent | Advertised Rent |
|---|---|---|---|
| 1 | 6447 Pochman Mesa Street | $1,136 | $2,950 |
| 2 | 6177 Stetson Cove Court | $1,140 | $2,508 to $2,360 |
| 3 | 8239 Soapstone Creek Way | $1,620 | $2,965 |
| 4 | 8229 Soapstone Creek Way | $1,620 | Unknown |
| 5 | 6442 Holland Hills Avenue | $1,080 | $2,190 to $2,150 |
| 6 | 6426 Holland Hills Avenue | $1,390 | $1,999 to $1,850 |
| 7 | 8088 Brown Clay Avenue | $1,757 | Unknown |
| 8 | 8247 Aster Meadow Way | $1,660 | $2,995 |
| 9 | 8276 Broad Branch Way | $1,750 | $3,200 |
| 10 | 8256 Broad Branch Way | $1,700 | $3,050 to $3,200 |
| 11 | 8226 Broad Branch Way | $1,700 | $3,050 |

56.    Based on this information, Defendants charged the tenants about double the rent that Defendants ultimately remitted to Jia Jia USA.

57.    Of course, Defendants also charged an eight percent fee after skimming from the rent, too.

58.    Because Defendants operated their scheme for so many years and with so many properties, the loss from stolen rent ranges into the hundreds of thousands of dollars.

59.    Jia Jia USA has terminated the Defendants as property managers and real estate sales agents and brokers, but so for the Defendants, and particularly Defendant Wey, have refused to accept their termination.  The Defendants have refused to relinquish their management responsibilities, have refused to transfer security deposits to the replacement property manager;

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA
ROTHGERBER CHRISTIE

1   and have threaten to charge exorbitant cancellation fees that were never a part of the parties'

2   bargain.

3       60.     In summary, Defendants have perpetrated a years-long scheme that has cost

4   perhaps as much as multiple millions of dollars.

5                               **First Cause of Action**

6                   **(Fraud and Intentional Misrepresentation—All Defendants)**

7       61.     Jia Jia USA repeats and re-alleges all of the foregoing allegations and incorporates

8   the same by this reference.

9       62.     During the period between 2015 and 2018, the Defendants bargained, agreed, and

10  represented that they would use the money Jia Jia USA transmitted to Defendants to purchase 15

11  residential properties.

12      63.     Specifically, around September 13, 2017, Jia Jia USA transferred at least $350,000

13  to Defendants, or one of them, for the purchase of a property commonly known as 6426 Holland

14  Hills, Las Vegas, Nevada, 89113 (Clark County Assessor's parcel number 163-33-811-128);

15  around February 17, 2017, Jia Jia USA, transferred at least $375,400 to Defendants, or one of

16  them, for the purchase of a property commonly known as 6177 Stetson Cove Court, Las Vegas,

17  Nevada 89148 (Clark County Assessor's parcel number 163-32-713-008); and around December

18  28, 2017, Jia Jia USA, transferred at least $445,234 to Defendants, or one of them, for the

19  purchase of a property commonly known as 8226 Broad Branch Way, Las Vegas, Nevada 89113

20  (Clark County Assessor's parcel number 176-16-112-089).

21      64.     Defendants represented and promised on multiple occasions, including both over a

22  period of years and on or about the dates of the noted money transfers, that Defendants would use

23  the funds to purchase the three stolen homes.

24      65.     These representations by Defendants were false because Defendants instead

25  caused three of the properties to be titled either partially or totally in Defendant GBS Business's

26  name.

27

28

110027032.1

- 10 -

66.     Defendants made these representations with no reasonable ground for believing them to be true because Defendants had no intention of purchasing the three stolen properties for Jia Jia USA.

67.     These representations were made by Defendants to induce Jia Jia USA to transfer the funds.

68.     Relying on the representations of Defendants, Jia Jia USA transferred the money and has subsequently suffered loss because the three stolen properties are titled partially or totally in Defendant GBS Business's name.  The value of this stolen real property is no less than $1 million.

69.     Defendants also caused the titles for at least nine of the 15 properties owned by Jia Jia USA to be vested for a time in the names of Defendants' affiliated companies before ultimately and belatedly correcting the titles (except for the three stolen properties, which continue to have clouded titles), all for Defendants' own personal gain and benefit and without disclosure to Jia Jia USA.

70.     As a direct and proximate result of the fraud by Defendants as set forth above, Jia Jia USA has sustained damages in a sum presently unascertained, but in an amount to be shown according to proof at the time of trial.

71.     Furthermore, Defendants' acts and omissions have been and are willful, wanton, intentional, and committed with malice or with reckless indifference to Jia Jia USA's rights, entitling it to damages in the form of compensatory damages and punitive damages to punish Defendants for their actions and to deter them, and others, from such actions in the future.

72.     As a further, direct result of Defendants' conduct, Jia Jia USA has incurred and continues to incur attorney fees and costs in the enforcement of its rights and remedies. Defendants are liable to Jia Jia USA for such expenses in an amount to be proven at trial.

73.     Jia Jia USA sustained special damages as a result of Defendants' conduct in the form of incurring attorney fees to quiet title to the three stolen properties.  These attorney fees constitute an element of damages foreseeable from Defendants' conduct and are so pleaded

110027032.1

pursuant to Rule 9(g) and *Sandy Valley Associates v. Sky Ranch Estate Owners Association*, 35 P.3d 964, 969 (Nev. 2001).

### Second Cause of Action

**(Alternative Relief: Negligent Misrepresentation—All Defendants)**

74.     Jia Jia USA repeats and re-alleges all of the foregoing allegations and incorporates the same by this reference.

75.     During the period between 2015 and 2018, the Defendants represented that they would use the money Jia Jia USA transmitted to Defendants to purchase 15 residential properties.

76.     Specifically, around September 13, 2017, Jia Jia USA transferred at least $350,000 to Defendants, or one of them, for the purchase of a property commonly known as 6426 Holland Hills, Las Vegas, Nevada, 89113 (Clark County Assessor's parcel number 163-33-811-128); around February 17, 2017, Jia Jia USA, transferred at least $375,400 to Defendants, or one of them, for the purchase of a property commonly known as 6177 Stetson Cove Court, Las Vegas, Nevada 89148 (Clark County Assessor's parcel number 163-32-713-008); and around December 28, 2017, Jia Jia USA, transferred at least $445,234 to Defendants, or one of them, for the purchase of a property commonly known as 8226 Broad Branch Way, Las Vegas, Nevada 89113 (Clark County Assessor's parcel number 176-16-112-089).

77.     Defendants represented and promised on multiple occasions, including both over a period of years and on or about the dates of the noted money transfers, that Defendants would use the funds to purchase the three stolen homes.

78.     Defendants had a pecuniary interest in the action taken, for they were to receive real estate commissions eight percent of the rent revenue, and other benefits, and Defendants failed to exercise reasonable care or competence in obtaining or communicating information to Jia Jia USA.

79.     Defendants' misrepresentations were reckless and/or negligent because Defendants stole three of the properties which rightfully belong to Jia Jia USA.

80.     At the time Defendants made the representations to Jia Jia as alleged in this complaint, they had no reasonable ground for believing them to be true.

81.     The representations outlined in this complaint were made by Defendants in a reckless and negligent manner not warranted by the information that Defendants then had concerning the subject matter of the representations and without regard to whether or not they were true.

82.     Jia Jia USA relied on the express and implied communications from Defendants and, on the basis of these communications, transferred hundreds of thousands of dollars to Defendants.

83.     As a direct and proximate result of the negligent and reckless misrepresentations perpetrated by Defendants as set forth above, Jia Jia USA has sustained damages in a sum presently unascertained, but in an amount to be shown according to proof at the time of trial.

84.     Furthermore, Defendants' acts and omissions have been and are willful, wanton, intentional, and committed with malice or with reckless indifference to Jia Jia USA's rights, entitling it to damages in the form of compensatory damages and punitive damages to punish Defendants for their actions and to deter them, and others, from such actions in the future.

85.     As a further, direct result of Defendants' conduct, Jia Jia USA has incurred and continues to incur attorney fees and costs in the enforcement of its rights and remedies. Defendants are liable to Jia Jia USA for such expenses in an amount to be proven at trial.

86.     Jia Jia USA sustained special damages as a result of Defendants' conduct in the form of incurring attorney fees to quiet title to the three stolen properties.  These attorney fees constitute an element of damages foreseeable from Defendants' conduct and are so pleaded pursuant to Rule 9(g) and *Sandy Valley Associates v. Sky Ranch Estate Owners Association*, 35 P.3d 964, 969 (Nev. 2001).

### Third Cause of Action

### (Quiet Title—All Defendants)

87.     Jia Jia USA repeats and re-alleges all of the foregoing allegations and incorporates the same by this reference.

88.     Nevada's statutes grant persons with an interest in real property the right to petition the district courts for determination of competing interests:

NRS 40.010   Actions may be brought against adverse claimants.   An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim.

89.     Jia Jia USA invokes this statute and requests that the Court quiet title to the three stolen properties described in this complaint in Jia Jia USA and reject, cancel, and revoke any interest that Defendants, and especially Defendant GBS Business who is currently on title, claims in said properties.

90.     Jia Jia USA owns in fee simple certain real property and all improvements on it, situated in the County of Clark, State of Nevada, and described as follows:

- 6426 Holland Hills, Las Vegas, Nevada, 89113 (Clark County Assessor's parcel number 163-33-811-128)

- 6177 Stetson Cove Court, Las Vegas, Nevada 89148 (Clark County Assessor's parcel number 163-32-713-008)

- 8226 Broad Branch Way, Las Vegas, Nevada 89113 (Clark County Assessor's parcel number 176-16-112-089).

91.     Defendants, and especially Defendant GBS Business who is currently on title, claim interests in such property adverse to Jia Jia USA; Defendants claims are without any right, and they have no right to, nor interest in, the real property, or any part of it.

92.     Wherefore, Jia Jia USA requests that Defendants, and all persons claiming under them, be required to set forth the nature of their claims to the described real property

93.     Jia Jia USA further requests that this Court rule that all adverse claims to such property be determined by a judgment of this court; that the judgment declare that Jia Jia USA owns in fee simple, and is entitled to the quiet and peaceful possession of, such real property, and that Defendants, and all persons claiming under them, have no right to or interest in the property or any part of it; that the judgment permanently enjoin Defendants, and all persons claiming under them, from asserting any adverse claim to Jia Jia USA's title to the property.

110027032.1

- 14 -

94.     As a further, direct result of Defendants' conduct, Jia Jia USA has incurred and continues to incur attorney fees and costs in the enforcement of its rights and remedies. Defendants are liable to Jia Jia USA for such expenses in an amount to be proven at trial.

95.     Jia Jia USA sustained special damages as a result of Defendants' conduct in the form of incurring attorney fees to quiet title to the three stolen properties.  These attorney fees constitute an element of damages foreseeable from Defendants' conduct and are so pleaded pursuant to Rule 9(g) and *Sandy Valley Associates v. Sky Ranch Estate Owners Association*, 35 P.3d 964, 969 (Nev. 2001).

## Fourth Cause of Action

### (Conversion and Civil Theft—All Defendants)

96.     Jia Jia USA repeats and re-alleges all of the foregoing allegations and incorporates the same by this reference.

97.     As described more fully above, Defendants stole the funds used to purchase three parcels of improved real property, which funds Defendants used to causing the titles of said properties to be wholly or partially vested in Defendant GBS Business.

98.     The parties agreed that Jia Jia USA's would be the exclusive owner of all properties because it was providing all the money for the transactions and because the Defendants were merely acting as real estate agents.

99.     Through their actions, Defendants have seized the funds in the amount of no less than $796,000, the purchase price of the three stolen properties; the stolen properties are now valued at no less than $1 million.  These funds were specially segregated and belong to Jia Jia USA, not Defendants.

100.    Defendants' improper appropriation of the funds and the proceeds of the funds intentionally and improperly interfered with Jia Jia USA's ownership and/or constituted distinct acts of dominion wrongfully exerted over Jia Jia USA's property.

101.    Defendants' acts were in denial of, and inconsistent with, Jia Jia USA's title or rights therein.

110027032.1

- 15 -

102.    Defendants' acts were in derogation, exclusion, and defiance of Jia Jia USA's title or rights in the funds.

103.    Furthermore, Defendants' acts and omissions have been and are willful, wanton, intentional, and committed with malice or with reckless indifference to Jia Jia USA's rights, entitling it to damages in the form of compensatory damages and punitive damages to punish Defendants for their actions and to deter them, and others, from such actions in the future.

104.    As a further, direct result of Defendants' conduct, Jia Jia USA has incurred and continues to incur attorney fees and costs in the enforcement of its rights and remedies. Defendants are liable to Jia Jia USA for such expenses in an amount to be proven at trial.

105.    Jia Jia USA sustained special damages as a result of Defendants' conduct in the form of incurring attorney fees to quiet title to the three stolen properties.  These attorney fees constitute an element of damages foreseeable from Defendants' conduct and are so pleaded pursuant to Rule 9(g) and *Sandy Valley Associates v. Sky Ranch Estate Owners Association*, 35 P.3d 964, 969 (Nev. 2001).

## **Fifth Cause of Action**

### **(Declaratory Relief—All Defendants)**

106.    Jia Jia USA repeats and re-alleges all of the foregoing allegations and incorporates the same by this reference.

107.    As described above more fully, Defendants brought to pass the Forged Leases.

108.    Jia Jia USA seeks a declaratory judgment from this Court confirming the rights and obligations of the parties pursuant to applicable Nevada laws and statutes governing declaratory relief.

109.    An actual and substantial controversy exists among the parties regarding their respective rights and duties under the Forged Leases and the occurrences described in this complaint.

110.    These rights and obligations can be finally determined through a declaratory judgment by this Court.

Lewis Roca
ROTHGERBER CHRISTIE

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

111.     Based upon the allegations and occurrences described herein, there exists a justiciable controversy; the controversy is between parties whose interests and positions are diverse; Jia Jia USA has an interest capable of legal protection; and the issues involved in the controversy are ripe for judicial determination.

112.     Jia Jia USA seeks a declaratory judgment confirming that the Forged Leases be declared terminated, ordered delivered up, and cancelled; and that Defendants be enjoined by order of this Court from proceeding in any court with any action for possession or other damages based on the Forged Leases, including specifically that Defendants have no right of first refusal.

113.     As a further, direct result of Defendants' conduct, Jia Jia USA has incurred and continues to incur attorney fees and costs in the enforcement of its rights and remedies. Defendants are liable to Jia Jia USA for such expenses in an amount to be proven at trial.

114.     Jia Jia USA sustained special damages as a result of Defendants' conduct in the form of incurring attorney fees to quiet title to the three stolen properties.  These attorney fees constitute an element of damages foreseeable from Defendants' conduct and are so pleaded pursuant to Rule 9(g) and *Sandy Valley Associates v. Sky Ranch Estate Owners Association*, 35 P.3d 964, 969 (Nev. 2001).

### Sixth Cause of Action

**(Breach of Contract and Accounting—All Defendants)**

115.     Jia Jia USA repeats and re-alleges all of the foregoing allegations and incorporates the same by this reference.

116.     As described more fully above, Defendants acted as property managers for Jia Jia USA for 13 properties.

117.     Jia Jia USA, on the one hand, and Defendants, on the other hand, are parties to the an oral, express property management agreement (the "Property Management Agreement"), which is a valid and enforceable contract.

118.     Jia Jia USA performed all of its obligations, including paying the agreed upon management fee, eight percent of the rents, or Jia Jia USA was excused from performance of said obligations.

110027032.1

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

Lewis Roca
ROTHGERBER CHRISTIE

119.   Defendants have breached their obligations to Jia Jia USA, by, among other things:

a.   breaching the parties' express bargain that all properties would be owned 100% by Jia Jia USA and that all purchase funds were to be used exclusively to buy properties in Jia Jia USA's behalf and for its account only;

b.   causing the Forged Leases to be created;

c.   renting the properties out for roughly double the amounts disclosed to Jia Jia USA and then embezzling the difference, as more particularly described above;

d.   overcharging for maintenance costs and embezzling the difference;

e.   causing the titles for at least nine of the 15 properties owned by Jia Jia USA to be vested for a time in the names of Defendants' affiliated companies before ultimately and belatedly correcting the titles (except for the three stolen properties, which continue to have clouded titles), all for Defendants' own personal gain and benefit and without disclosure to Jia Jia USA;

f.   failing to provide a written property management agreement as required by NRS 645.6056; and

g.   generally engaging in the conduct described in this complaint.

120.   As a direct and proximate result of the fraud by Defendants as set forth above, Jia Jia USA has sustained damages in a sum presently unascertained, but in an amount to be shown according to proof at the time of trial.

121.   As an additional remedy, Jia Jia USA requests that the Court declare the rights and other legal relations of Jia Jia USA and Defendants created by reason of the Property Management Agreement, specifically that it General Contract creates in Defendants a duty to control and report costs and to deal honestly and openly with Jia Jia USA and that this Court further direct Defendants to give an accounting to Jia Jia USA of all rents received, all costs incurred, and all management fees charged or taken by Defendants.

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

Lewis Roca
ROTHGERBER CHRISTIE

122.   As a further, direct result of Defendants' conduct, Jia Jia USA has incurred and continues to incur attorney fees and costs in the enforcement of its rights and remedies. Defendants are liable to Jia Jia USA for such expenses in an amount to be proven at trial.

123.   Jia Jia USA sustained special damages as a result of Defendants' conduct in the form of incurring attorney fees to quiet title to the three stolen properties.  These attorney fees constitute an element of damages foreseeable from Defendants' conduct and are so pleaded pursuant to Rule 9(g) and *Sandy Valley Associates v. Sky Ranch Estate Owners Association*, 35 P.3d 964, 969 (Nev. 2001).

<u>**Seventh Cause of Action**</u>

**(Breach of the Implied Covenant of Good Faith and**

**Fair Dealing, Including Both Contractual and Tortious Breach—All Defendants)**

124.   Jia Jia USA repeats and re-alleges all of the foregoing allegations and incorporates the same by this reference.

125.   Pursuant to Nevada law, every contract imputes to the privies thereto an implied covenant of good faith and fair dealing.

126.   Defendants owed Jia Jia USA a duty of good faith and fair dealing under the Property Management Agreement.

127.   A special relationship exists between Defendants, on the one hand, and Jia Jia USA, on the other hand, because Defendants knew the true state of the affairs entrusted to them and had the power to conceal that information from Jia Jia USA.  Defendants' continued involvement of and control over the many key aspects of Jia Jia USA's affairs, the great distances from Las Vegas from which the principals of Jia Jia USA live, and the former friendship between Mr. Fu and the individual Defendants places Defendants, in an entrusted and fiduciary position of control over how Jia Jia USA's affairs were conducted, upon which Jia Jia USA must and did rely.

128.   Defendants tortiously breached their duty of good faith and fair dealing through acts and omissions that were unfaithful to the purposes and spirit of the parties' agreements, including the Property Management Agreement.

110027032.1

129. Defendants have breached their obligations to Jia Jia USA, by, among other things:

a. breaching the parties' express bargain that all properties would be owned 100% by Jia Jia USA and that all purchase funds were to be used exclusively to buy properties in Jia Jia USA's behalf and for its account only;

b. causing the Forged Leases to be created;

c. renting the properties out for roughly double the amounts disclosed to Jia Jia USA and then embezzling the difference, as more particularly described above;

d. overcharging for maintenance costs and embezzling the difference;

e. causing the titles for at least nine of the 15 properties owned by Jia Jia USA to be vested for a time in the names of Defendants' affiliated companies before ultimately and belatedly correcting the titles (except for the three stolen properties, which continue to have clouded titles), all for Defendants' own personal gain and benefit and without disclosure to Jia Jia USA; and

f. failing to provide a written property management agreement as required by NRS 645.6056.

g. generally engaging in the conduct described in this complaint.

130. As a direct and proximate result of Defendants' breach of their duty of good faith and fair dealing, Jia Jia USA has suffered damages in an amount to be proven at trial.

131. Furthermore, Defendants' acts and omissions have been and are willful, wanton, intentional, and committed with malice or with reckless indifference to Jia Jia USA's rights, entitling it to damages in the form of compensatory damages and punitive damages to punish Defendants for their actions and to deter them, and others, from such actions in the future.

132. As a further, direct result of Defendants' conduct, Jia Jia USA has incurred and continues to incur attorney fees and costs in the enforcement of its rights and remedies. Defendants are liable to Jia Jia USA for such expenses in an amount to be proven at trial.

133. Jia Jia USA sustained special damages as a result of Defendants' conduct in the form of incurring attorney fees to quiet title to the three stolen properties. These attorney fees

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

Lewis Roca
ROTHGERBER CHRISTIE

110027032.1

1    constitute an element of damages foreseeable from Defendants' conduct and are so pleaded

2    pursuant to Rule 9(g) and *Sandy Valley Associates v. Sky Ranch Estate Owners Association*, 35

3    P.3d 964, 969 (Nev. 2001).

4                                    **Eighth Cause of Action**

5                              **(Unjust Enrichment—All Defendants)**

6           134.    Jia Jia USA repeats and re-alleges all of the foregoing allegations and incorporates

7    the same by this reference.

8           135.    As an alternative to the causes of action arising under the express, written

9    contracts, including the Property Management Agreement, Jia Jia USA alleges restitution and

10   unjust enrichment.

11          136.    Defendants have diverted, accepted, and sequestered money and real property, in

12   an amount ranging into the millions of dollars, as described in this complaint, and Defendants

13   appreciated that they were receiving that benefit to the detriment of Jia Jia USA.

14          137.    Under the circumstances described above, Defendants have been unjustly enriched

15   in an amount to be proven at trial according to proof, against fundamental principles of justice or

16   equity and conscience.

17          138.    As a direct and proximate result of the acts and omissions by Defendants as set

18   forth herein, Jia Jia USA has sustained damages in a sum presently unascertained, but in an

19   amount to be shown according to proof at the time of trial.

20          139.    Furthermore, Defendants' acts and omissions have been and are willful, wanton,

21   intentional, and committed with malice or with reckless indifference to Jia Jia USA's rights,

22   entitling it to damages in the form of compensatory damages and punitive damages to punish

23   Defendants for their actions and to deter them, and others, from such actions in the future.

24          140.    As a further, direct result of Defendants' conduct, Jia Jia USA has incurred and

25   continues to incur attorney fees and costs in the enforcement of its rights and remedies.

26   Defendants are liable to Jia Jia USA for such expenses in an amount to be proven at trial.

27          141.    Jia Jia USA sustained special damages as a result of Defendants' conduct in the

28   form of incurring attorney fees to quiet title to the three stolen properties.  These attorney fees

110027032.1

1  constitute an element of damages foreseeable from Defendants' conduct and are so pleaded

2  pursuant to Rule 9(g) and *Sandy Valley Associates v. Sky Ranch Estate Owners Association*, 35

3  P.3d 964, 969 (Nev. 2001).

4  ### Ninth Cause of Action

5  **(Violation of Deceptive Trade Practices Act—Knowingly Making a False
   Representation in a Transaction—All Defendants)**

6

7  142.  Jia Jia USA repeats and re-alleges all of the foregoing allegations and incorporates

8  the same by this reference.

9  143.  NRS 41.600(1) states that "[a]n action may be brought by any person who is a

10  victim of consumer fraud."  The statute defines "consumer fraud" as "[a] deceptive trade practice

11  as defined in NRS 598.0915 to 598.0925, inclusive."  NRS 41.600(2)(e).

12  144.  Under Chapter 598, the definition of "deceptive trade practice" includes

13  "[k]nowingly mak[ing] any other false representation in a transaction."  NRS 598.0915(15).

14  145.  During the negotiation and execution of the parties' agreements, including the

15  Property Management Agreement, Defendants repeatedly and over a period of years represented

16  that they would use Jia Jia USA's money to purchase properties for Jia Jia USA and not

17  Defendants or any of their principals or affiliates.  Likewise, Defendants have on many occasions

18  provided lists of the properties purchased by Defendants for Jia Jia USA—and the lists always

19  included the stolen properties that Defendants titled in the name of Defendant GBS Business.

20  Defendants also confirmed that Jia Jia USA was the owner of all 15 properties by, in their

21  capacity as property managers, remitting rent for each property—including the three stolen

22  properties—to Jia Jia USA at all relevant times.

23  146.  Defendants' representations were materially false because title for the three stolen

24  properties is partially or totally vested in Defendant GBS Business, all of which caused Jia Jia

25  USA to suffer damages.

26  147.  Defendants knew or believed that their representation were false or knew that they

27  had an insufficient basis for making the representations.

28

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

Lewis Roca
ROTHGERBER CHRISTIE

110027032.1

148.     Defendants' repeated efforts to conceal the true nature of the title to the properties, the true amount of rent being charged to the tenants, and the other circumstances described in this complaint have directly and proximately caused substantial damage to Jia Jia USA, in an amount to be determined at trial.

149.     In making the false representations, defendants are guilty of oppression, fraud, or malice, express or implied, and are liable for punitive damages.

150.     Under NRS 41.600(4) this claim "is not an action upon any contract underlying the original transaction."

151.     Under NRS 41.600(3), Jia Jia USA is entitled to "(a) Any damages that the claimant has sustained; (b) Any equitable relief that the court deems appropriate; and (c) The claimant's costs in the action and reasonable attorney's fees."

**Tenth Cause of Action**

**(Injunctive Relief—All Defendants)**

152.     Jia Jia USA repeats and re-alleges all of the foregoing allegations and incorporates the same by this reference.

153.     During the negotiation and execution of the parties' agreements, including the Property Management Agreement, Defendants repeatedly and over a period of years represented that they would use Jia Jia USA's money to purchase properties for Jia Jia USA and not Defendants or any of their principals or affiliates.  Likewise, Defendants have on many occasions provided lists of the properties purchased by Defendants for Jia Jia USA—and the lists always included the stolen properties that Defendants titled in the name of Defendant GBS Business. Defendants also confirmed that Jia Jia USA was the owner of all 15 properties by, in their capacity as property managers, remitting rent for each property—including the three stolen properties—to Jia Jia USA at all relevant times.

154.     Defendants and their officers, agents, employees, and attorneys, and all those acting in concert or participation with them, must be temporarily restrained and permanently enjoined from acting as real estate brokers or real estate sales persons, including by showing, leasing, marketing for sale as real estate agents or brokers, renting, transferring, conveying,

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

Lewis Roca
ROTHGERBER CHRISTIE

110027032.1

encumbering, devising, creating, alienating, assigning, or otherwise surrendering any interest or estate in the properties owned by Jia Jia USA, Mr. Michael Fu, or JTM LLC, a Nevada limited liability company, including the three stolen properties mentioned herein.

155.    Furthermore Defendants and their officers, agents, employees, and attorneys, and all those acting in concert or participation with them, must be temporarily restrained and permanently enjoined from acting as property managers for Jia Jia USA, Mr. Michael Fu, or JTM LLC, including by soliciting or negotiating the sale, purchase, option, rental or lease of real property; by representing to tenants that they are the agents of Jia Jia USA, Mr. Michael Fu, or JTM LLC; by absconding with the tenant security deposits; and by otherwise interfering with the activities of the replacement property manager.

156.    Jia Jia USA does not have an adequate remedy at law or otherwise in that real property is unique, not fungible, and incapable of replacement.  It would be fundamentally unjust for Defendants to transfer, encumber, or compromise any of Jia Jia USA's interests in the real property, including the three stolen properties,

157.    Jia Jia USA therefore seeks a temporary restraining order an injunction restraining and enjoining Defendants and their officers, agents, employees, and attorneys, and all those acting in concert or participation with them, from showing, leasing, marketing for sale as real estate agents or brokers, renting, transferring, conveying, encumbering, devising, creating, alienating, assigning, or otherwise surrendering any interest or estate in the properties owned by Jia Jia USA, Mr. Michael Fu, or JTM LLC, a Nevada limited liability company, including the three stolen properties mentioned in this lawsuit.

158.    Defendants would not suffer any harm by the entry of an order or injunction forbidding this threatened activity, which bars Defendants from continuing their wrongful conduct, pending a hearing on a preliminary injunction.

159.    There is not an adequate remedy at law in that Defendants transgressions are a clear violation of the parties' bargains, including the Property Management Agreement, and Jia Jia USA seeks to prohibit future violations of existing rights under those contracts and the applicable law.

110027032.1

160.    There is a likelihood of success for Jia Jia USA on this matter because Defendants have expressly and repeatedly admitted they have no claim to the 15 properties, including the three stolen properties.

161.    Although FRCP 65(c) provides that a court may, in its discretion, require Jia Jia USA to give a bond as a prerequisite to the issuance of a temporary restraining order, such a bond is not warranted by the facts of this case.  A bond is required only for the payment of such costs and damages as may be incurred or suffered by any party who is found to be wrongfully restrained.  In the case before this Court, Defendants will suffer no harm from an order requiring them to desist from the improper conduct to which they have admitted.

**Prayer**

WHEREFORE, Jia Jia USA demands judgment against Defendants, and each of them on a joint and several liability basis, for the following:

1.    For compensatory damages in an amount to be proven at trial;

2.    For the declaratory relief referenced above;

3.    For the injunctive relief referenced above;

4.    For interest at the rate allowed by applicable law;

5.    For punitive damages;

6.    For reasonable attorney fees according to proof;

7.    For costs of suit incurred in this action; and

8.    For such other and further relief as this Court may deem just and proper.

DATED this 23rd day of December, 2019

LEWIS ROCA ROTHGERBER CHRISTIE LLP


By:/s/ John Bragonje
        John Bragonje, Bar No. 9519
        JBragonje@lrrc.com
        Nancy R. Snow, Bar No. 14623
        NSnow@lrrc.com
        3993 Howard Hughes Pkwy., Ste. 600
        Las Vegas, NV 89169
        *Attorneys for Plaintiff Jia Jia USA LLC*

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

Lewis Roca
ROTHGERBER CHRISTIE

110027032.1